```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
- - - - - - - - - - - - - - - - - X
 UNITED STATES OF AMERICA,         :
                                   :    REPLY AFFIRMATION
         Appellee,                 :
                                   :    No. 15-628
         - v.-                     :
                                   :
 PAUL CEGLIA,                      :
                                   :
         Defendant-Appellant.      :
                                   :
- - - - - - - - - - - - - - - - - X

STATE OF NEW YORK          )
COUNTY OF NEW YORK         :  ss.:
SOUTHERN DISTRICT OF NEW YORK )
```

ALEXANDER WILSON, pursuant to Title 28, United States Code, Section 1746, hereby affirms under penalty of perjury:

1. I am an Assistant United States Attorney in the Office of Preet Bharara, United States Attorney for the Southern District of New York, and am one of the Assistant United States Attorneys representing the Government on this appeal.

2. I respectfully submit this reply affirmation in further support of the Government's motion to dismiss the defendant's interlocutory appeal (1) based on the fugitive disentitlement doctrine, and (2) for lack of appellate jurisdiction, and in response to Appellant's Response to Appellee's Motion to Dismiss Appeal ("Response").

**ARGUMENT**

**Ceglia's Appeal Should Be Dismissed Pursuant to the Fugitive Disentitlement Doctrine**

3. As set forth in the Government's initial Affirmation in support of its motion to dismiss ("Affirmation"), dismissal of the appeal is warranted under the fugitive disentitlement doctrine because Ceglia fled and remains a fugitive during the pendency of this very appeal. (*See* Affirmation at 6-10.) Ceglia's opposition to the Government's motion does not challenge these essential facts.

4. Instead, Ceglia argues that the Supreme Court's decisions in *Ortega-Rodriguez* v. *United States*, 507 U.S. 234 (1993), and *Degen* v. *United States*, 517 U.S. 820 (1996), indicate that dismissal is inappropriate. Ceglia's reliance on *Ortega-Rodriguez* and *Degen* is entirely misplaced.

5. In *Ortega-Rodriguez*, the Supreme Court addressed the applicability of the fugitive disentitlement doctrine where a defendant fled while before the district court, was captured and sentenced, and then appealed. *Ortega-Rodriguez* v. *United States,* 507 U.S. at 242. The Supreme Court found that "when a defendant's flight and recapture occur *before* appeal, the defendant's former fugitive status may well lack the kind of connection to the appellate process that would justify an appellate sanction of dismissal." *Id*. at 251 (emphasis added). The Supreme Court expressly distinguished that circumstance from the one presented here, holding that "our

2

cases consistently and unequivocally approve dismissal as an appropriate sanction when a prisoner is a fugitive *during* 'the ongoing appellate process.'" *Id*. at 242 (internal citation omitted) (emphasis added).[1] Accordingly, *Ortega-Rodriguez* strongly supports dismissal here, where Ceglia became and remains a fugitive during the "ongoing appellate process."

      6.    Where *Ortega-Rodriguez* actively supports the Government's position rather than Ceglia's, *Degen* is simply irrelevant. In *Degen*, the Supreme Court held that it was inappropriate to strike a fugitive's filings and grant judgment against him in a related civil forfeiture case, based on his flight in the criminal case. *Degen* v. *United States*, 517 U.S. at 829. The Supreme Court explained that the defendant's absence caused little

---

[1] Ceglia's citation of *Ortega-Rodriguez* for the proposition that "the Supreme Court has held that appeals premised on the alleged insufficiency of the evidence should not be dismissed under the disentitlement rule" ignores this same distinction. (*See* Response at 13). The *Ortega-Rodriguez* Court held that a former fugitive's post-capture appeal might still be dismissed if his flight caused a delay sufficient to prejudice the Government's ability to present witnesses and evidence at a retrial. *Ortega-Rodriguez*, 507 U.S. at *249*. The Supreme Court further held that this consideration did not apply to sufficiency of the evidence challenges, which could result either in affirmance of the conviction or an acquittal, but could never require another trial. *Id*. This has no bearing on appeals where the defendant is a fugitive during the appellate process, for which *Ortega-Rodriguez* endorses dismissal. Moreover, the present appeal is entirely dissimilar from a sufficiency of the evidence appeal. A denial of Ceglia's appeal would result, not in affirmance of a conviction, but in the case being ordered to proceed to trial. Ceglia has rendered enforcement of such an order impossible by virtue of his flight, with corresponding prejudice to the Government.

3

if any prejudice in the civil forfeiture action because "the court's jurisdiction over the property [wa]s secure despite [the defendant's] absence," and so there was "no danger the court in the forfeiture suit w[ould] waste its time rendering a judgment unenforceable in practice." *Id*. at 825.

7. What the Government is moving to dismiss here, however, is not Ceglia's answer in some related civil case, but his own appeal in the very criminal proceeding from which Ceglia is a fugitive. To the extent the *Degen* decision speaks to that situation, it makes clear that dismissal would be appropriate. *Id*. at 824 ("[W]e have held federal courts do have authority to dismiss an appeal or writ of certiorari if the party seeking relief is a fugitive while the matter is pending," because, among other reasons, "so long as the party cannot be found, the judgment on review may be impossible to enforce.").

8. In short, Ceglia has identified no authority allowing him to pursue this appeal while becoming and remaining a fugitive from justice during its pendency. Accordingly, for the reasons stated above and in the Affirmation, the Court should dismiss this appeal pursuant to the fugitive disentitlement doctrine.

**Ceglia's Appeal Should Be Dismissed for Lack of Jurisdiction**

9. Dismissal of the appeal is also warranted for lack of jurisdiction because the District Court's decision is neither a final judgment nor a collateral order. (*See* Affirmation at 10-14).

4

In his Response, Ceglia implicitly concedes that jurisdiction would only be proper if his motion to dismiss was based on a right not to stand trial, but asserts that *Noerr-Pennington* immunity creates such a right. (*See* Response at 18-21). Ceglia fails to cite any authority for that proposition, however, or to distinguish the contrary Supreme Court precedent of *California Motor Transport Co.* v. *Trucking Unlimited*, 404 U.S. 508 (1972)

10. Not a single case cited by Ceglia suggests that denial of a motion to dismiss based on the *Noerr-Pennington* doctrine is an appealable collateral order, or that *Noerr-Pennington* conveys a right not to be tried. Instead, Ceglia simply offers bare assertions that such a right exists. As noted in the Affirmation, however, that possibility is foreclosed by the decision in *California Motor Transport Co.*, where the Supreme Court expressly overturned a grant of summary judgment and remanded the question of *Noerr-Pennington* immunity "for trial." 404 U.S. at 515-516. Ceglia does not, and cannot, explain why *California Motor Transport Co.* is not controlling on this issue.[2]

---

[2] Ceglia also claims, again without any authority, that the *Noerr-Pennington* doctrine would not provide any immunity if the Government's allegations were "all that is needed to force one to stand trial." (Response at 18). But that is precisely the standard adopted by this Court in civil actions where *Noerr-Pennington* immunity is at issue. This Court has repeatedly held that a motion to dismiss a civil action should be denied if the allegations in a complaint would be sufficient, if true, to negate *Noerr-Pennington* immunity. *See, e.g., In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677, 692-694 (2d Cir. 2009); *Primetime 24 Joint*

5

11. Finally, Ceglia does not identify any "*explicit* statutory or constitutional guarantee that trial will not occur" as required by *Midland Asphalt Corp.* v. *United States*, 489 U.S. 794, 801 (1989) (emphasis added). The *Noerr-Pennington* doctrine is plainly not an explicit statutory or constitutional guarantee, and Ceglia presents no argument to the contrary.

12. Thus, for the reasons stated above and in the Affirmation, this Court should dismiss the defendant's appeal based on lack of appellate jurisdiction.

## CONCLUSION

For the foregoing reasons, Ceglia's appeal should be dismissed with prejudice (i) pursuant to the fugitive disentitlement doctrine, or (ii) for lack of jurisdiction.

Dated: New York, New York
April 1, 2015

/s/ *Alexander Wilson*
ALEXANDER WILSON
Assistant United States Attorney
Telephone: (212)637-2453

---

*Venture* v. *Nat'l Broadcasting Co.*, 219 F.3d 92, 100–101 (2d Cir. 2000). *Noerr-Pennington* provides immunity only from liability, not from litigation or trial.

6